**PAN AMERICAN GROUP LLC**
Jenna M. Yott (SBN 251901)
jyott@flynnrg.com
225 Bush Street, Suite 1800
San Francisco, California 94104
Telephone:    (415) 903-2100

Attorneys for Defendant
PAN NORCAL LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERYL WILSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **PAN NORCAL, LLC; TJM PLAZA GRF2, LLC**, <br><br> Defendants. | Case No.: 2:18-CV-00660-KJM-KJN <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF PAN NORCAL LLC & CROSSCLAIM AGAINST CO-DEFENDANT TJM PLAZA GRF2, LLC** <br><br> Action Filed: March 27, 2018 |

**ANSWER**

Defendant Pan NorCal LLC ("Pan NorCal"), for its answer and affirmative defenses to the Complaint of Sheryl Wilson ("Complaint") alleges as follows:

**Summary**

1. Paragraph 1 contains a statement of the case to which no response is required. To the extent a response is deemed required, Pan NorCal denies the allegations of Paragraph 1 of the Complaint except to admit that there is a Panera Bread located at 1850 Douglas Boulevard in Roseville, CA 95661.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Pan NorCal denies for lack of knowledge what Plaintiff seeks through this litigation and further denies that Plaintiff is entitled to any relief whatsoever.

1
ANSWER & AFF. DEFENSES OF PAN NORCAL & CROSSCLAIMS                         2:18-CV-00660-KJM-KJN

**Jurisdiction**

3. The allegations contained in Paragraph 3 of the Complaint set forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is deemed required, Pan NorCal admits that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 to provide relief for a cause of action under the Americans with Disabilities Act and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate state law claims where there is federal jurisdiction.

4. The allegations contained in Paragraph 4 of the Complaint set forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is deemed required, Pan NorCal admits that claims for declaratory relief may be brought pursuant to 28 U.S.C. §§ 2201 and 2202 but denies that Plaintiff has any valid claims.

**Venue**

5. The allegations contained in Paragraph 5 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Pan NorCal admits that, to the extent this Court has jurisdiction, venue is proper in the Eastern District of California.

**Parties**

6. With respect to the allegations contained in Paragraph 6 of the Complaint, Pan NorCal admits that Pan NorCal LLC operates the Panera Bread located at 1850 Douglas Boulevard, Roseville, CA 95661 (the "Restaurant").

7. Pan NorCal admits that to its knowledge, TJM Plaza GRF2, LLC is the landlord for the property where the Restaurant is located. Pan NorCal otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8. Pan NorCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies the same.

**Facts**

9. Pan NorCal admits the allegations of Paragraph 9 of the Complaint.

10. Pan NorCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies the same.

11. Pan NorCal lacks knowledge or information as to Plaintiff's state of mind as alleged in Paragraph 11 of the Complaint and on that basis denies the same. Pan NorCal denies the remaining allegations of Paragraph 11 of the Complaint.

12. Pan NorCal denies the allegations of Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Pan NorCal denies the allegations of Paragraph 13 of the Complaint.

## First Count
## The Americans with Disabilities Act of 1990
<u>Denial of "Full and Equal" Enjoyment and Use</u>

14. The allegations contained in Paragraph 14 of the Complaint contain legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 14 of the Complaint.

15. Pan NorCal denies the allegations of Paragraph 15 of the Complaint.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

16. The allegations contained in Paragraph 16 of the Complaint contain legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint contain legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 17 of the Complaint.

18. Pan NorCal denies the allegations of Paragraph 18 of the Complaint.

### Failure to Design and Construct an Accessible Facility

19. Pan NorCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies the same.

20. The allegations contained in Paragraph 20 of the Complaint contain legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 20 of the Complaint.

21. Pan NorCal denies the allegations of Paragraph 21 of the Complaint.

### Failure to Make an Altered Facility Accessible

22. With respect to the allegations contained in Paragraph 22 of the Complaint, Pan NorCal admits that modifications have been made at the Restaurant since January 26, 1992. Pan NorCal otherwise denies the allegations of Paragraph 22.

23. The allegations contained in Paragraph 23 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 23 of the Complaint.

24. Pan NorCal denies the allegations of Paragraph 24 of the Complaint.

### Failure to Modify Existing Policies and Procedures

25. The allegations contained in Paragraph 25 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 25 of the Complaint.

26. Pan NorCal denies the allegations of Paragraph 26 of the Complaint.

### Remedies

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Pan NorCal denies for lack of knowledge what Plaintiff seeks through this litigation and further denies that Plaintiff is entitled to any relief whatsoever.

## Second Count
## California Disabled Persons Act

28. The allegations contained in Paragraph 28 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 30 of the Complaint.

31. Pan NorCal denies the allegations of Paragraph 31 of the Complaint.

32. With respect to the allegations contained in Paragraph 32 of the Complaint, Pan NorCal denies for lack of knowledge what Plaintiff seeks through this litigation and further denies that Plaintiff is entitled to any relief whatsoever.

## Third Count
## Unruh Civil Rights Act

33. The allegations contained in Paragraph 33 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint set forth legal conclusions and reference statutory text that speaks for itself and no response is required. To the extent a response is required, Pan NorCal denies the allegations of Paragraph 35 of the Complaint.

36. Pan NorCal denies the allegations of Paragraph 36 of the Complaint.

37. Pan NorCal denies the allegations of Paragraph 37 of the Complaint.

38. With respect to the allegations contained in Paragraph 38 of the Complaint, Pan NorCal denies for lack of knowledge what Plaintiff seeks through this litigation and further denies that Plaintiff was damaged or is entitled to any relief whatsoever.

39. With respect to the allegations contained in Paragraph 39 of the Complaint, Pan NorCal denies for lack of knowledge what Plaintiff seeks through this litigation and further denies that Plaintiff is entitled to any relief whatsoever.

**Fourth Count**
**Personal Injury – Premises Liability**

40. Pan NorCal denies the allegations of Paragraph 40 of the Complaint.

41. Pan NorCal denies the allegations of Paragraph 41 of the Complaint.

42. Pan NorCal denies the allegations of Paragraph 42 of the Complaint.

43. Pan NorCal denies the allegations of Paragraph 43 of the Complaint.

**Answer to Prayer for Relief**

Pan NorCal denies that Plaintiff has any valid claims against it and deny that Plaintiff is entitled to any of the relief requested, including judgment, equitable or injunctive relief, preventive relief, damages of any kind (including but not limited to special, statutory, punitive, exemplary, or general), costs, attorney's fees, pre- or post-judgment interest, or any other relief.

**GENERAL DENIAL**

44. Except as otherwise expressly recognized in Paragraphs 1 through 43 above, Pan NorCal denies each and every allegation contained in the Complaint, including, without limitation, the headings and subheadings of the Complaint, and specifically denies any liability

to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Pan NorCal expressly reserves the right to amend and/or supplement its Answer.

## SEPARATE AND ADDITIONAL DEFENSES

45. Without admitting any of the facts alleged in the Complaint, Pan NorCal hereby asserts and alleges the following separate and additional defenses, without prejudice to Pan NorCal's right to argue that Plaintiff bears the burden of proof as to any one or more of the following defenses. Furthermore, all defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. Pan NorCal may have additional affirmative defenses of which it is not fully aware and reserves the right to assert additional affirmative defenses after they are ascertained.

### First Affirmative Defense
### (Failure to State a Claim)

46. Plaintiff has failed to state facts sufficient to constitute a cause of action against Pan NorCal.

### Second Affirmative Defense
### (Lack of Standing)

47. Plaintiff lacks standing to assert the claims alleged in the Complaint.

### Third Affirmative Defense
### (Alternative Access)

48. Plaintiff's claims are barred to the extent that she was provided access by alternative methods.

### Fourth Affirmative Defense
### (Removal Not Readily Achievable)

49. Plaintiff's claims are barred to the extent that some or all of the removal of the alleged barrier as proposed by Plaintiff is not readily achievable.

### Fifth Affirmative Defense
### (Undue Burden)

50. Plaintiff's claims are barred to the extent that some or all of the removal of the alleged barrier as proposed by Plaintiff imposes an undue burden on Pan NorCal.

## Sixth Affirmative Defense
### (De Minimis Injury, If Any)

51. Plaintiff's claims are barred in whole or in part because the alleged barriers provide effective access to Plaintiff and any alleged noncompliance, which Pan NorCal expressly denies, would be *de minimis*, the features were usable and accessible, and/or Plaintiff was able to use and access the features.

## Seventh Affirmative Defense
### (Acts/Omissions of Third Parties)

52. Plaintiff's claims are barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff and/or third parties outside Pan NorCal's control.

## Eighth Affirmative Defense
### (Unjust Enrichment)

53. Plaintiff is not entitled to recovery of statutory penalties to the extent that such penalties are sought in addition to damages for the same claims, and such duplicative recovery is barred by the doctrine of unjust enrichment.

## Ninth Affirmative Defense
### (Failure to Mitigate)

54. Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate damages.

## Tenth Affirmative Defense
### (No Causation)

55. Plaintiff's claims against Pan NorCal are barred because Plaintiff's damages, if any, were not caused by Pan NorCal.

## Reservation of Additional Defenses

56. Pan NorCal has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. Pan NorCal has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known through discovery in this matter. Pan NorCal further reserves the right to amend its answer and/or affirmative defenses

and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## CROSS-CLAIMS

1. Pursuant to Federal Rules of Civil Procedure 13(g), Cross-Claimant Pan NorCal brings cross-claims against TJM Plaza GRF2, LLC ("Cross-Defendant" or "Landlord") and alleges as follows:

## JURISDICTION AND VENUE

2. Pan NorCal's cross claim arises out of the transactions and occurrences that are the subject matter of Plaintiff's Complaint and relates to the property that is the subject matter of Plaintiff's action. This Court has jurisdiction over this cross-claim and the parties to it under 28 U.S.C. § 1331 and 1343, and Fed. R. Civ. P. Rule 13.

3. Venue is proper in this district under 28 U.S.C. §1391(b), (c) because the events or omissions giving rise to the claim occurred and the subject property is situated within the jurisdiction of this Court.

## PARTIES/FACTS

4. Pan NorCal is informed and believes that Landlord is a limited liability company doing business in the State of California and is the owner of the shopping center at 1850 Douglas Boulevard, Roseville, California (the "Shopping Center") complained of in Plaintiff's Complaint, which is the subject of this litigation.

5. On or about March 27, 2018, Plaintiff filed a Complaint against Pan NorCal and Landlord seeking damages and remedies under state and federal law. Pan NorCal understands that Plaintiff alleges that she was injured after falling on the sidewalk at the Shopping Center.

6. The sidewalk on which Plaintiff alleges she was injured was part of property owned and controlled by Landlord and Cross-Defendant.

7. Pursuant to a lease agreement ("Agreement") entered into between Pan NorCal and Landlord and in effect at all relevant times, Cross-Defendant bears responsibility for all common areas, including sidewalks, at the Shopping Center.

8. Pursuant to that agreement, Cross-Defendant is responsible for any of Plaintiff's alleged violations and/or injuries caused by its negligence, conduct, and/or inaction relating to the common areas.

**FIRST CROSS-CLAIM FOR INDEMNITY AND DEFENSE re Plaintiff's CAUSE OF ACTION re Americans With Disabilities Act**

9. Pan NorCal re-alleges paragraphs 1 through 9 as though set in full herein.

10. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Pan NorCal files this Cross Claim against TJM PLAZA GRF2, LLC for indemnity and defense pursuant to the Agreement.  Cross-Defendant/Landlord is liable for the common areas and thus the location where Plaintiff alleges she experienced injury.

11. Pan NorCal seeks the Landlord to assume liability for the barriers and injuries alleged by Plaintiff as required pursuant to the Agreement.

12. Pan NorCal seeks an award of its attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way of this Cross Claim.

**SECOND CROSS-CLAIM FOR INDEMNITY AND DEFENSE re Plaintiff's CAUSE OF ACTION re CALIFORNIA DISABLED PERSONS ACT**

13. Pan NorCal re-alleges paragraphs 1 through 12 as though set in full herein.

14. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Pan NorCal files this Cross Claim against TJM PLAZA GRF2, LLC for indemnity and defense pursuant to the Agreement.  Cross-Defendant/Landlord is liable for the common areas and thus the location where Plaintiff alleges she experienced injury.

15. Pan NorCal seeks the Landlord to assume liability for the barriers and injuries alleged by Plaintiff as required pursuant to the Agreement.

16. Pan NorCal seeks an award of its attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way of this Cross Claim.

**THIRD CROSS-CLAIM FOR INDEMNITY AND DEFENSE re Plaintiff's CAUSE OF ACTION re UNRUH CIVIL RIGHTS ACT**

17. Pan NorCal re-alleges paragraphs 1 through 16 as though set in full herein.

18. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Pan NorCal files this Cross Claim against TJM PLAZA GRF2, LLC for indemnity and defense pursuant to the Agreement. Cross-Defendant/Landlord is liable for the common areas and thus the location where Plaintiff alleges she experienced injury.

19. Pan NorCal seeks the Landlord to assume liability for the barriers and injuries alleged by Plaintiff as required pursuant to the Agreement.

20. Pan NorCal seeks an award of its attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way of this Cross Claim.

**FOURTH CROSS-CLAIM FOR INDEMNITY AND DEFENSE re Plaintiff's CAUSE OF ACTION re PREMISES LIABILITY**

21. Pan NorCal re-alleges paragraphs 1 through 20 as though set in full herein.

22. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Pan NorCal files this Cross Claim against TJM PLAZA GRF2, LLC for indemnity and defense pursuant to the Agreement. Cross-Defendant/Landlord is liable for the common areas and thus the location where Plaintiff alleges she experienced injury.

23. Pan NorCal seeks the Landlord to assume liability for the barriers and injuries alleged by Plaintiff as required pursuant to the Agreement.

24. Pan NorCal seeks an award of its attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way of this Cross Claim.

**FOURTH CROSS-CLAIM FOR DECLARATORY RELIEF**

25. Pan NorCal re-alleges paragraphs 1 through 24 as though set in full herein.

26. Pan NorCal seeks an award of attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way

of this Cross Claim. Pan NorCal seeks the Landlord to assume liability for the barriers and injuries alleged by Plaintiff as required pursuant to the Agreement.

WHEREFORE, Pan NorCal / Cross-Claimant prays for relief and judgment as follows:

27. That its Cross-Claim against Landlord be granted;

28. That an Order declare that Landlord must defend Pan NorCal from Plaintiff's claims in the Action to the extent they address any Common Area of the subject property, including for reasonable attorney's fees and costs incurred by Pan NorCal in having to defend against said claims.

29. Declaratory relief / judgment that the Landlord is, according to proof, responsible to cure or remediate any accessibility barriers complained of by Plaintiff to the extent such alleged barriers exist within the Common Area of the Shopping Center.

30. Award of reasonable attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Lease between Pan NorCal and Landlord, as to the Common Areas of the Shopping Center, by way of this Cross-Complaint; and

31. For such other and further relief as the Court may deem just and proper.

Dated:  April 19, 2018                PAN AMERICAN GROUP LLC


                                      By:        /s/ Jenna M. Yott, Esq.
                                                 Jenna M. Yott
                                                 Attorneys for Defendant & Cross-Claimant
                                                 PAN NORCAL LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of California by using the CM/ECF system on April 19, 2018

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have dispatched the foregoing to a third party commercial carrier for personal delivery within 3 calendar days and placed a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid, in the United States Mail at San Francisco, California to the following non-CM/ECF participants:

    TJM Plaza GRF2, LLC
    William W. Gerrity
    973 Lomas Santa Fe Dr
    Solana Beach, CA 92075

Dated:  April 19, 2018          PAN AMERICAN GROUP LLC

By:    /s/ Jenna M. Yott, Esq.
    Jenna M. Yott
    Attorneys for Defendant & Cross-Claimant
    PAN NORCAL LLC