UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson, | No. 2:18-cv-00660-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Pan NorCal, LLC, et al., | |
| Defendants. | |
| Pan NorCal, LLC, | |
| Cross Claimant, | |
| v. | |
| TJM Plaza GRF2, LLC, | |
| Cross Defendant. | |
| TJM Plaza GRF2, LLC, | |
| Cross Claimant, | |
| v. | |
| Pan NorCal, LLC, | |
| Cross Defendant. | |

Defendant Pan NorCal, LLC, who also is a cross claimant and cross defendant, moves to amend the scheduling order to permit it to file a motion for summary judgment after the dispositive filing deadline has passed. Mot., ECF No. 73. Defendant TJM Plaza GRF2, LLC, also a cross claimant and cross defendant, opposes. Opp'n, ECF No. 74.[1] As explained below, the court **denies** the motion.

The court previously discussed this case's background in depth. *See* Prior Order at 2–5 (July 25, 2022), ECF No. 70. Plaintiff Sheryl Wilson visited a restaurant located in a shopping center. *Id.* at 2. As she was leaving the restaurant, she fell. *Id.* It is disputed whether she fell as she was walking through the doorway or as she was walking down the ramp from the doorway. *Id.* That factual dispute, among others, might determine defendants' liability because Pan NorCal operates the restaurant and TJM owns the shopping center. *See generally id.* As a result, Pan NorCal might be responsible for the fall if it occurred through the doorway, whereas TJM might be responsible if plaintiff fell on the ramp. The parties timely filed cross-motions for summary judgment by the November 19, 2021, deadline for dispositive motions, *see* Prior Order (Mar. 11, 2021), ECF No. 46; the court granted Pan NorCal's motion against Wilson in part and otherwise denied the motions, *see* Prior Order (July 25, 2022). A year after the dispositive motion cutoff, Pan NorCal moves to amend the scheduling order to permit it to file another motion for summary judgment. *See generally* Mot. Pan NorCal claims it has found evidence it was not responsible for designing or constructing the ramp. *Id.* TJM opposes, *see* Opp'n, and Pan NorCal replied, *see* Reply, ECF No. 75. The court submitted the motion without oral argument. Min. Order, ECF No. 79.

Once a scheduling order is issued, a motion to amend the pleadings is governed by Rule 16's "good cause" requirement. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This requirement "primarily considers the diligence of the party seeking

---

[1] Plaintiff Sheryl Wilson filed an untimely opposition to Pan NorCal's motion without addressing its lateness, *see* Opp'n, ECF No. 77, and Pan NorCal objects to the motion on that basis, *see* Objection, ECF No. 78. Because the motion is untimely, and Wilson has not justified its lateness, the court does not consider its contents.

2

1  the amendment." *Johnson*, 975 F.2d at 609.  The court examines "the moving party's reasons for
2  seeking modification.  If that party was not diligent, the inquiry should end." *Id.* (internal citation
3  omitted); *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999).

4        Pan NorCal claims amendment is appropriate for two reasons.  Neither is persuasive, and
5  the court finds no good cause to modify the scheduling order.  First, Pan NorCal urges it was
6  diligent in seeking modification of the Rule 16 order.  It explains it was "only upon the issuance
7  of the Court's July 22 Order [that] Pan NorCal [became] aware that the original design and/or
8  construction of the sidewalk/curb ramp was an outstanding issue requiring an expanded factual
9  record." Mot. at 7.  As a result, it produced information to address this issue, in part by
10 identifying documents previously produced in discovery by the parties.  *Id.*  However, Pan
11 NorCal's reliance on this court's order is misplaced, and its prior lack of awareness that
12 responsibility for the construction of the ramp could be relevant to liability does not establish its
13 diligence.  To the contrary, this court is not responsible for identifying the legal issues in a case,
14 and a party's reliance on a court's prior order to identify legal issues does not exhibit diligence.
15 *Cf. Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and
16 offers no reason for a grant of relief.").  Moreover, Pan NorCal does not identify any specific
17 information that was not in its possession when it filed its original motion for summary judgment,
18 nor does it claim it could not have identified that information previously.  Even if this
19 construction issue were dispositive, which is contested, *see* Opp'n at 4–5, Pan NorCal identifies
20 no legitimate reason why it did not raise the issue in its motion for summary judgment.

21       Second, Pan NorCal argues amendment promotes judicial economy.  As a threshold
22 matter, district courts in this Circuit are not in accord about whether judicial economy can provide
23 good cause to modify a scheduling order.  *Compare Kendrick v. County of San Diego*, No. 15-
24 2615, 2017 WL 2692903, at *3 (S.D. Cal. June 22, 2017) (collecting cases in which "rights of the
25 parties, the ends of justice, and judicial economy" contributed to finding good cause) *with Bohn v.
26 Pharmavite, LLC*, No. 11-10430, 2013 WL 12246336, at *3 (C.D. Cal. Oct. 8, 2013) ("If judicial
27 economy concerns alone were enough to establish good cause, Rule 16(b) would largely become
28 a nullity.").  However, assuming without deciding judicial economy could supply the requisite

good cause, the court is unpersuaded a second round of summary judgment briefing would be efficient here.  Although Pan NorCal argues a second motion could "dispose of all Plaintiff's remaining claims against Pan NorCal," Mot. at 8, this court's prior order found all remaining claims turned on a threshold factual question: "where did Wilson's fall begin?"  Prior Order at 8.  Pan NorCal does not explain how its second motion for summary judgment could address this threshold issue.  Even if Pan NorCal could show it did not construct the ramp, the court's prior order also found the claim must proceed to trial because ambiguous lease terms create a mixed question of fact and law regarding whether Pan NorCal had a duty to correct the ramp.  *See id.* at 11.  Although Pan NorCal argues the lease agreement is unambiguous, *see* Reply at 7, that interpretation fails to recognize the court's prior order, *see* Prior Order at 11.  Pan NorCal did not file a motion for reconsideration, and this court will not reconsider its earlier findings on a motion to modify the scheduling order.

Moreover, as TJM notes in opposition, *see* Opp'n at 4–5, Pan NorCal relies heavily on the court's prior statement that "responsibility for the ADA violation may very well rest with TJM" if Pan NorCal was not responsible for the sidewalk, Prior Order at 10; *see* Mot. at 4, 7.  But this statement was not a formal finding of fact of an undisputed fact.  Outstanding factual disputes of course must be resolved by a jury, as this court previously found.  *See* Prior Order at 8, 10, 11, 14.  The court thus is unpersuaded an additional round of summary judgment briefing would expedite resolution of this case.  Because Pan NorCal has shown neither it has been diligent nor that amendment would promote judicial economy, the court **denies** the motion.

The court SETS a final pretrial conference for June 30, 2023, at 10:00 a.m.  The parties are directed to meet and confer and submit a joint final pretrial statement twenty-one days prior to the conference.  In their joint statement, the parties should address Wilson's ex parte application for referral to VDRP or a settlement conference, *see* App., ECF No. 72.

This order resolves ECF Nos. 72 and 73.

IT IS SO ORDERED.

DATED:  April 13, 2023.

CHIEF UNITED STATES DISTRICT JUDGE