UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson,<br><br>    Plaintiff,<br><br>  v.<br><br>Pan NorCal, LLC, et al.<br><br>    Defendants. | No. 2:18-cv-00660-KJM-KJN<br><br>ORDER |

   Plaintiff Sheryl Wilson applies ex parte to delay the January 23, 2024 trial date at least six months due to her attorney's ongoing recovery from a cardiac emergency. As explained below, the court **denies plaintiff's ex parte application**.

**I. BACKGROUND**

   This court held a final pretrial conference about six months ago and set a trial for January 23, 2024. *See* Mins., ECF No. 84; Final Pretrial Order, ECF No. 85. About a month and a half ago, on October 31, 2023, plaintiff's counsel, J.D. Zink, had a heart attack while he was recovering from an unrelated surgery. *See Ex Parte* Appl. at 2–3, ECF No. 95; Zink Decl. at 2, ECF No. 95-1. After cardiac surgery, he was released from the hospital on November 7 and continued his representation and trial preparations. Zink Decl. at 2. The day after his release, for example, he appeared remotely at a court-convened settlement conference along with his partner,

Albert Lenzi, and Scott Hubbard, a former attorney[1] and paralegal. *See* Mins., ECF No. 90. And a few weeks later, after defendant moved to set the matter of a non-jury trial, ECF No. 91, Mr. Zink filed Wilson's opposition, ECF No. 94.

On December 8, 2023, about a month after his release from the hospital, Mr. Zink filed the pending ex parte application to continue the trial date "for at least six months from now (if ever)" because he "is unable to do anything of any substance to prepare for a trial[] and would be unable to participate in a trial . . . until he can make a full recovery." *Ex Parte* Appl. at 3; *see also* Zink Decl. at 3. Mr. Zink provides only his own declaration, and no declaration from a medical professional confirming that his medical condition precludes his appearing for trial. Defendants oppose this request. Opp'n, ECF No. 98. After defendants filed their opposition, Mr. Lenzi filed a declaration stating he cannot represent plaintiff at trial because he will be retiring at the end of the year. Lenzi Decl. at 2, ECF No. 100.

## II.   LEGAL STANDARDS

The trial in this case can be delayed only by modifying the final pretrial order. After a district court issues a final pretrial order, it may modify that order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). A district court should consider four factors when deciding whether to modify a final pretrial order:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *superseded by statute on other grounds as noted in Hunt*). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Byrd*, 137 F.3d at 1132.

---

[1] Hubbard represented Wilson in this matter until his suspension from practice in late 2020. *See* Not. Suspension, ECF No. 41; Designation of Service, ECF No. 44.

This standard is distinct from the standard that governs a party's request to modify a scheduling order under Rule 16(b). To modify a scheduling order, a moving party must demonstrate "good cause," the touchstone of which is the diligence in pursuing the modification. *See Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Although the "manifest injustice" standard is distinct from the "good cause" standard, a party's lack of diligence might undercut its attempts to prove "manifest injustice"; adverse consequences for a party's case are not the "manifest injustice" Rule 16(e) was designed to prevent, if those consequences arise from a lack of diligence. *WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002) (unpublished).

## III.    ANALYSIS

Plaintiff's ex parte application cites neither Rule 16(e) nor the legal standard summarized above. Nor does her application show on its own terms that a modification is necessary to prevent manifest injustice under the four-factor test above. All four factors weigh against any further delay.

The third and fourth factors weigh most heavily. As for the third factor, the impact of the modification, delaying the trial by six months at the last minute would cause unnecessary expenditures of time and money. *See Hunt*, 672 F.3d at 617 (affirming denial of motion to modify final pretrial scheduling order filed less than three weeks before trial). Plaintiff also does not guarantee a trial could begin within six months if her request were granted; instead, plaintiff suggests Mr. Zink may never be able to represent her at trial. *See Ex Parte* Appl. at 3. Nor has plaintiff shown why another attorney could not represent her at trial. As for the fourth factor, apparent willfulness or bad faith, plaintiff does not explain her lack of diligence in waiting over a month to raise the issue. She does not explain why Mr. Zink did not disclose his health problems sooner or seek a continuance sooner or why she did not quickly seek to associate a new attorney after Mr. Zink's hospitalization. Mr. Zink details his medical condition at length but not why that condition did not cause him to raise the issue sooner. Rather than alerting the court, Mr. Zink continued representing plaintiff, discussing the case with defense counsel and filing briefs related to pretrial motions.

The first and second factors listed in *Hunt* also weigh against plaintiff, though not as strongly. Plaintiff's request came at the last minute and invites unnecessary delays and inconveniences, including to several witnesses. *See Dompatci Mgmt. Sols. v. Vensure HR, Inc.*, No. 17 -02399, 2020 WL 5502359 at *2 (E.D. Cal. Sept. 11, 2020). Plaintiff proposes no means of mitigating this prejudice and does not explain the tardiness of her application.

### IV. CONCLUSION

For the reasons above, **the court denies plaintiff's ex parte application for a continuance of trial without prejudice to renewal**. Any renewed request must explain the reason for the delay in requesting a continuance, why manifest injustice would occur if trial proceeded on the scheduled date and why another attorney could not represent plaintiff at trial.

This order resolves ECF No. 95.

IT IS SO ORDERED.

DATED: December 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE