UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson, | No. 2:18-cv-00660-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Pan NorCal, LLC, et al., | |
| Defendants. | |

Plaintiff Sheryl Wilson renews her ex parte application to continue the January 23, 2024 trial date six months due to her attorney's ongoing recovery from a cardiac emergency. As explained below, the court **grants** plaintiff's ex parte application.

**I.   BACKGROUND**

The court incorporates by reference the facts and procedural history of this case from its prior order. Prior Order, ECF No. 101. Because plaintiff did not show manifest injustice would be avoided if the trial were continued—and so did not meet the appropriate legal standard under Federal Rule of Civil Procedure 16(e)—the court denied plaintiff's first ex parte application for a continuance without prejudice to renewal. *See id.* Plaintiff has filed a renewed ex parte application to continue the January trial. Renewed Ex Parte Appl., ECF No. 130. Defendants oppose. *See* Opp'n, ECF No. 131.

## II. LEGAL STANDARD

The trial in this case can be delayed only by modifying the final pretrial order. After a district court issues a final pretrial order, it may modify the order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). A district court should consider four factors when deciding whether to modify a final pretrial order:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *superseded by statute on other grounds as noted in Hunt*). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Byrd*, 137 F.3d at 1132.

## III. ANALYSIS

Though this ex parte application does not follow the court's standing order, the court accepts review of plaintiff's ex parte application. The court reminds the parties they must comply with the court's standing order for any future filings.

Plaintiff's ex parte application shows manifest injustice will be avoided if the trial is continued. Taken together, the four factors under the *Hunt* test above weigh in favor of granting the continuance. *See Hunt*, 672 F.3d at 616.

The first and second factors slightly weigh in favor of granting the continuance. Though plaintiff's application was submitted less than a month before the trial date, the prior application and the court's denial without prejudice to renewal provided defendants notice of the possibility of a continuance. *See generally* Prior Order; Renewed Ex Parte Appl. It is not clear here a delay would surprise defendants with new claims or new evidence. Though a continuance will cause inconvenience to defendants and their witnesses, Opp'n to Prior Appl. at 2–8, ECF No. 98, a continuance is necessary at this juncture because plaintiff will not have proper representation at trial otherwise, *see* Renewed Ex Parte Appl. at 2–4. Mr. Zink has demonstrated he is not of

reasonable health to proceed as counsel for trial, his partner is retiring and cannot take over and he has made reasonable but unsuccessful efforts to contact other qualified attorneys to represent plaintiff. *See id.* Moreover, plaintiff's pending application provides an explanation for the timeline leading up to the first ex parte application and why a delay in the request was unavoidable. *See* Renewed Ex Parte Appl. at 2–4; *cf. Dompatci Mgmt. Sols. v. Vensure HR, Inc.*, No. 17-02399, 2020 WL 5502359, at *2 (E.D. Cal. Sept. 11, 2020) (denying request for continuance in part because the plaintiff did not demonstrate it was necessary and did not explain the delay in filing the motion). Mr. Zink has also stated clear plans to find alternative counsel should his health not recover in time to represent plaintiff in six months' time. *See* Renewed Ex Parte Appl. at 3–4.

The third factor, "the impact of the modification on the orderly and efficient conduct of the case," is neutral. *Hunt*, 672 F.3d 616 (internal citation omitted). While continuing the case would cost time and money as well as disturb the preexisting court order for trial, it is also the only way an orderly trial could occur. The fourth factor, willfulness or bad faith, weighs in favor of a continuance. Plaintiff's renewed application makes clear that Mr. Zink has been diligent despite the difficult circumstances and there is no evidence of bad faith. *See* Renewed Ex Parte Appl. at 2–4; *cf. Dompatci Mgmt. Sols.* 2020 WL 5502359, at *2 (denying request for continuance in part because the plaintiff did not demonstrate why the plaintiff's counsel's ailments prevented him from preparing for trial).

The court recognizes the inconvenience a continuance would pose to defendants. However, plaintiff has demonstrated a continuance is necessary to prevent manifest injustice. For the reasons above, the court **grants plaintiff's renewed ex parte application for continuance of trial**. To offset prejudice to defendants, all discovery, pre-trial and trial deadlines will not be continued. *See* Opp'n at 3. The court directs the parties to meet and confer and request a status conference regarding setting a new trial date within 90 days. The court also directs Mr. Zink to file a declaration as soon as possible and no later than 60 days from the date of this order regarding his efforts to identify new or co-counsel, with the goal of actually identifying such counsel within the 60 days provided.

1       This order resolves ECF No. 130.

2       IT IS SO ORDERED.

3 DATED: January 3, 2024.

                                      CHIEF UNITED STATES DISTRICT JUDGE