UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson, | No. 2:18-cv-00660-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Pan NorCal, LLC; TJM Plaza GRF2, LLC, | |
| Defendants. | |

Plaintiff Sheryl Wilson filed this personal injury suit against defendants Pan NorCal, LLC (Pan NorCal) and TJM Plaza GRF2, LLC (TJM) for an injury she suffered in defendants' restaurant. Defendants move for a determination the case will be resolved through a bench trial, without a jury. The court **denies defendants' motion**.

Plaintiff filed this action on March 27, 2018. Compl., ECF No. 1. She did not include a jury demand in the complaint. *See generally id.* However, TJM filed two separate demands for a jury trial: the first with its answer to plaintiff's complaint, TJM Answer to Compl. at 7, ECF No. 11, and the second with its answer and counterclaim to Pan NorCal's cross-claim, TJM Answer & Countercl. at 2, 14, ECF No. 16. In the Joint Final Pretrial Conference Statement, plaintiff requested a jury trial while defendants requested a non-jury trial. *See* J. Final Pretrial Statement at 2, ECF No. 82. In response, the court ordered the parties to file motions or a stipulation resolving the jury trial issue within fourteen days following the conclusion of settlement

1

1   proceedings. Am. Final Pretrial Order at 1–2, ECF No. 86. Defendants timely filed this motion.

2   Mot., ECF No. 91. The motion is fully briefed. *See* Opp'n, ECF No. 94; Reply, ECF No. 99.

3       TJM's original jury demand reads, "TJM hereby requests a trial by jury." TJM Answer to

4   Compl. at 7. TJM's demand in its answer to and counterclaim to Pan NorCal's cross-claim states

5   the same, TJM Answer & Countercl. at 14, but also adds it demands a jury trial "as concerns the

6   dispute between TJM and Pan NorCal." *Id.* at 2.

7       Federal Rule of Civil Procedure 38(b) requires a party seeking a jury trial on a given issue

8   to serve "the other parties with a written demand—which may be included in a pleading—no later

9   than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "[A]

10  party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to

11  have demanded a jury trial on all the issues so triable." *Id.* at 38(c). Moreover, "[a] proper

12  demand may be withdrawn only if the parties consent." *Id.* at 38(d). "Rule 38 has been

13  interpreted as incorporating a right of reasonable reliance on the jury demand of another party."

14  *Cal. Scents v. Surco Prod., Inc.*, 406 F.3d 1102, 1106 (9th Cir. 2005) (citations and internal

15  quotation marks omitted). In other words, "once one party files such a [jury] demand other

16  parties are entitled to rely on that demand for the issues it covers, and need not file their own

17  demands." *See id.* (alteration in original) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1531

18  (9th Cir. 1995)). In general, courts "'indulge every reasonable presumption against waiver' of the

19  jury trial right." *See id.* (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393

20  (1937)).

21      Rule 39 states, "[w]hen a jury trial has been demanded under Rule 38 . . . [t]he trial on all

22  issues so demanded must be by jury unless" one of two conditions is met: either "(1) the parties

23  or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court,

24  on motion or on its own, finds that on some or all of those issues there is no federal right to a jury

25  trial." Fed. R. Civ. P. 39(a).

26      Defendants argue plaintiff's request for a jury trial is not timely, and she has "waived her

27  right to a jury trial and has no legal basis for relief from her waiver." Mot. at 2. However, under

28  Rule 38(b), "a party," not just plaintiff, "may demand a jury trial[.]" Fed. R. Civ. P. 38(b). TJM

timely filed a demand for a jury trial and plaintiff was entitled to rely on TJM's demand. As an initial matter, TJM's demand for a jury trial in its answer to plaintiff's complaint was general and not limited to a particular claim. TJM Answer to Compl. at 7. As a result, TJM "is considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). Defendants do not contend otherwise. *See generally* Mot.; Reply. Second, the Ninth Circuit's interpretation of Rule 38(d) permits a party to reasonably rely on another party's jury demand and not file its own if it pertains to the same issues. *See Cal. Scents*, 406 F.3d at 1106. Here, plaintiff is requesting a jury trial for her case, *see* J. Final Pretrial Statement at 2, and TJM previously requested a jury trial in its answer to her complaint, which necessarily turns on the same issues and facts, *see* TJM Answer to Compl. at 7. The court is not persuaded by defendants' unsuccessful efforts to distinguish *Cal. Scents* or to unilaterally withdraw the jury demand. *See generally* Mot.; Reply.

Moreover, once TJM made the jury demand, only a stipulation by the parties or a court order could effect withdrawal of the demand. *See* Fed. R. Civ. P. 39. Here, there is neither a stipulation signed by the parties nor a prior court order determining the trial should proceed without a jury. Accordingly, plaintiff reasonably relied on TJM's demand, and so the court **denies** defendants' motion to set the matter for a non-jury trial. The trial will proceed as a jury trial.

This order resolves ECF No. 91.

IT IS SO ORDERED.

DATED: January 3, 2024.

CHIEF UNITED STATES DISTRICT JUDGE