UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rachel Wilson,<br><br>    Plaintiff,<br><br>    v.<br><br>Pan Norcal, LLC, et al.,<br><br>    Defendants. | No. 2:18-cv-00660-KJM-KJN<br><br>ORDER |

    Defendants Pan Norcal, LLC and TJM Plaza GRF2, LLC have filed a motion to extend the final pretrial order deadline for defendants to file their memorandum of points and authorities and declaration in support of their Motion *in Limine* No. 9 "to bifurcate the trial between plaintiff Sheryl Wilson's claims and defendants Pan Norcal, LLC and TJM Plaza GRFT, LLC's Claims against each other." Mot., ECF No. 169; Mot. Lim., ECF No. 110.  Defendants request the extension because defense counsel mistakenly attached an incorrect memorandum of points and authorities in support of Motion *in Limine* No. 9.  *See* Stephan Decl. ¶ 3, ECF No. 169-1. Defense counsel learned of the error on January 26, 2024 and emailed opposing counsel on February 1, 2024 to make him aware of the issue.  *See id.* ¶¶ 3, 6.  Plaintiff's counsel had not responded to the email as of February 9, 2024, when the motion was filed, *id.* ¶¶ 6–7, and plaintiff has not opposed this motion.  Defendants have replied.  Reply, ECF No. 170.  The court takes this matter under submission without a hearing.

1

After a district court issues a final pretrial order, it may modify that order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).  A district court should consider four factors when deciding whether to modify a final pretrial order:

> (1) the degree of prejudice or surprise to the [opposing party] if the order is modified; (2) the ability of the [opposing party] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998)), *superseded by statute on other grounds as noted in Hunt*).  "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified."  *Byrd*, 137 F.3d at 1132.

This standard is distinct from the standard that governs a party's request to modify a scheduling order under Rule 16(b).  To modify a scheduling order, a moving party must demonstrate "good cause," the touchstone of which is the diligence in pursuing the modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Although the "manifest injustice" standard is distinct from the "good cause" standard, a party's lack of diligence might undercut its attempts to prove "manifest injustice"; adverse consequences for a party's case are not the "manifest injustice" Rule 16(e) was designed to prevent if those consequences arise from a lack of diligence.  *WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002) (unpublished).

Considering the four factors outlined above, the court finds defendants have met the manifest injustice standard.  It does not seem likely that prejudice or surprise will impact plaintiff because she was nominally alerted to the subject of the motion *in limine* when it was timely filed, or, at latest, when defendants acknowledged the error in their reply, *see* Reply at 2, even if she did not have the full memorandum of points and authorities at the time.  Moreover, trial is still months away because of plaintiff's late-stage request for a continuance.  *See* Ex Parte Appl., ECF No. 130; Prior Order, ECF No. 136.  Because plaintiff was unable to substantively respond to Motion *in Limine* No. 9, the court will extend the deadlines for the parties to file an updated opposition and updated reply to cure potential prejudice.  The court does not expect this

modification will impact the orderly and efficient conduct of the case and does not find, nor does plaintiff argue, defendants acted in bad faith. The lack of opposition from plaintiff supports a finding these four factors weigh in favor of defendants.

For these reasons, the court **grants** defendants' motion for an extension of the final pretrial order deadline by seven days from the date of this order for defendants to file their memorandum of points and authorities and declaration in support of their Motion *in Limine* No. 9. Plaintiff will then have fourteen days to file an opposition, and defendants will have seven days to file a reply.

This order resolves ECF No. 169.

IT IS SO ORDERED.

DATED: March 8, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE