UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson, | No. 2:18-cv-00660-KJM-CSK |
| Plaintiff, | ORDER |
| v. | |
| Pan NorCal, LLC, et. al., | |
| Defendants. | |

Sheryl Wilson alleges Pan Norcal, LLC, and TJM Plaza, GRF2, LLC, are liable for her slip and fall accident in 2017. She now seeks to dismiss TJM as a defendant because the two parties reached a settlement. Pan NorCal opposes dismissal, arguing it would suffer legal prejudice as a consequence. As described more fully below, the court **denies** Wilson's motion.

I.  **BACKGROUND**

Wilson alleges she was injured when she left a Panera Bread restaurant in Roseville, California several years ago. *See* Pl.'s Resp. to Statement of Facts (SoF) ¶¶ 1–3, ECF No. 61-1. Pan NorCal operated the restaurant on a lease from TJM. *Id.* ¶ 5. Wilson asserts federal and state claims against both entities. *See* Compl. at 4–9, ECF No. 1. Both Pan NorCal and TJM have filed crossclaims against one another. Pan NorCal seeks equitable indemnity from TJM because, as alleged, TJM is responsible for the upkeep of all common areas of the shopping center, including where Wilson fell. *See* First Am. Cross-cl., ECF No. 13. Pan NorCal also seeks

1

1    declaratory relief and attorneys' fees.  *See id.*  In response, TJM brings a crossclaim against Pan
2    NorCal for (1) express indemnity; (2) breach of contract; (3) breach of implied covenant of good
3    faith and fair dealing and (4) declaratory relief.  *See generally* TJM Cross-cl., ECF No. 16.
4    Discovery has closed, and the court has resolved the parties' motions for summary judgment.  *See*
5    Order (July 25, 2022) at 14, ECF No. 70.  In short, Wilson's California law claims against TJM
6    and Pan NorCal remain to be adjudicated at trial, and the court retained supplemental jurisdiction
7    over these claims.  *See id.* at 7–8.

8    After the parties submitted their pretrial statement, *see* ECF No. 82, after the court had
9    issued its final pretrial order, *see* ECF Nos. 85–86, and after a trial date was set, *see* ECF No. 85
10   at 9, Wilson filed an *ex parte* application to continue the trial date because her attorney, Joseph D.
11   Zink, had suffered a heart attack, *see Ex Parte* App. Cont. Tr. Date, ECF No. 95; Zink Decl., ECF
12   No. 95-1.  The court denied the request without prejudice but accepted a renewed request to
13   continue in January 2024.  *See Ex Parte* App. (Dec. 29, 2023), ECF No. 130; Order (Jan. 3,
14   2024), ECF No. 136.  The court also instructed the parties to meet and confer within 90 days and
15   request a status conference for setting new trial dates, and it directed Zink to file a report within
16   60 days on his efforts to find new counsel for Wilson.  Order (Jan. 3, 2024) at 3.

17   Rather than submitting any responses to these orders, Wilson filed a motion to dismiss
18   TJM under Federal Rule of Civil Procedure 41(a)(2), *see* ECF No. 175, because she and TJM had
19   arrived at a settlement agreement and because in her assessment, Pan NorCal would not be
20   prejudiced by the dismissal, *see* Mem. P. & A. Support Pl.'s Mot. Vol. Dismissal with Prejudice,
21   ECF No. 175-1.  The court then ordered the parties to show cause why they had not obeyed its
22   January order.  Order (June 7, 2024), ECF No. 176.  Pan NorCal submitted declarations from its
23   lawyers, Allen Nolley and Kelly Stephan, who stated they had attempted to discuss an updated
24   trial schedule with Wilson and TJM without success and had not been involved in the settlement
25   discussions.  *See generally* ECF Nos. 178, 180.  Meanwhile Wilson submitted two declarations
26   from Zink, who claimed he did not comply with the court's orders because he believed he was
27   near settlement and did not need to prepare for trial dates or arrange for appointment of new
28   counsel.  *See generally* ECF Nos. 177, 179.

2

1  The court then ordered the parties to a settlement conference before the assigned
2  Magistrate Judge and deferred its decision on Wilson's motion to dismiss.  *See* Status Conf.
3  (Aug. 2, 2024), ECF No. 186.  After the parties informed the court they had not settled, *see* ECF
4  No. 194, the court ordered additional briefing on Wilson's motion to dismiss, *see* ECF No. 197.
5  Wilson renews her motion to dismiss.  *See* Mot., ECF No. 198.  The matter is fully briefed.  *See*
6  Opp'n, ECF No. 199; Reply, ECF No. 200.  Wilson moves to dismiss TJM and argues the
7  dismissal would not unfairly prejudice Pan NorCal.  *See* Mot. at 4.  Pan NorCal opposes the
8  dismissal of TJM, arguing the settlement reached between TJM and Wilson was for a "much
9  higher amount than Plaintiff's claims are worth" and Pan NorCal would be prejudiced by the
10 settlement because it could be forced to pay the settlement amount should the court find in favor
11 of TJM on its crossclaims.  Opp'n at 5.  The court takes this matter under submission without
12 holding a hearing.  *See* E.D. Cal. L.R. 230(g).

**II.   LEGAL STANDARD**

Rule 41(a)(2) allows courts to dismiss parties by court order at the plaintiff's request "on terms that the court considers proper."  The court has "sound discretion" in decisions over whether to grant a Rule 41(a)(2) dismissal, and "the court's order will not be disturbed unless the court has abused its discretion."  *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).  Courts may deny a Rule 41(a)(2) dismissal when defendants can show they will "suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Under California law, when a plaintiff dismisses "one or more of a number of tortfeasors claimed to be liable for the same tort . . . it shall discharge the party to whom it is given from all liability for any contribution to any other parties . . . ."  Cal. Civ. Proc. Code § 877.  However, any party to an action "in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ."  Cal. Civ. Proc. Code § 877.6(a)(1).  A settling party may also "give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement

3

and a proposed order." *Id.* § 877.6(a)(2).  A court may determine good faith on the basis of affidavits and counter affidavits.  *Id.* § 877.6(b).  A determination by the court "that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."  *Id.* § 877.6(c).  "The party asserting the lack of good faith shall have the burden of proof on that issue."  *Id.* § 877.6(d).  The Ninth Circuit construes section 877 as substantive, and therefore federal courts applying California law must rely on its provisions when a plaintiff in a joint tortfeasor case seeks to voluntarily dismiss one tortfeasor due to settlement.  *See Mason & Dixon Intermodal, Inc.* v. *Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011).  By contrast, "section 877.6 is essentially a procedural statute . . . [h]owever nothing is to prevent the district court from granting a [section 877.6] motion for an early determination of the good faith question."  *Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

### III.  ANALYSIS

The court denies Wilson's motion to dismiss TJM at this time as the court cannot apply Federal Rule of Civil Procedure 41(a)(2) without also applying section 877, and the current record does not permit the court to do so.  *See Mason & Dixon Intermodal, Inc.*, 632 F.3d at 1060.  Even if it could dismiss solely under Rule 41(a)(2), the court would decline to do so as the dismissal would not advance this litigation.  TJM would still be a party due to the crossclaims with Pan NorCal, and the court would still have to adjudicate the good faith of TJM's settlement with Wilson under section 877.6.  *See id.*  Further, the court is persuaded it should first adjudicate the good faith determination under section 877.6 before dismissing a defendant under section 877.  *See, e.g., Bayview Hunters Point Residents v. Tetra Tech. EC, Inc.*, No. 19-1417, 2025 WL 562890 (N.D. Cal. Feb. 20, 2025) (hearing a section 877.6 motion before dismissing defendant); *Doe v. County of Sacramento*, 21-1438, 2025 WL 449291 (E.D. Cal. Feb. 10, 2025) (same); *Driver v. Pape Trucks, Inc.*, No. 17-1968, 2025 WL 392404 (E.D. Cal. Feb. 4, 2025) (same); *Alisu Invs. Ltd. v. TriMas Corp.*, No. 16-686, 2024 WL 3461079 (C.D. Cal. June 21, 2024) (same); *Rainey v. County of San Diego*, 19-1650, 2024 WL 3293890 (S.D. Cal. May 21, 2024)

1  (same).  Finally, dismissing under section 877 before the good faith of a settlement agreement has
2  been adjudicated under section 877.6 could impair Pan NorCal's legal rights, as the dismissal
3  would bar Pan NorCal from seeking contribution from TJM.  *See* Cal. Civ. Proc. Code § 877(b);
4  *Smith*, 263 F.3d at 975.

5  Wilson argues it is Pan NorCal's burden to bring a section 877.6 motion, and she contends
6  it still can bring such a motion after TJM has been dismissed under section 877.  *See* Reply at
7  2–3.  While it is Pan NorCal's burden to prove the absence of good faith, *see* Cal. Civ. Proc. Code
8  § 877.6(d), Pan NorCal is not required to bring a section 877.6 motion, *see id.* § 877.6(a).  Any
9  party can bring such a motion, including Wilson.  *See id.* § 877.6(a)(2).  Further, Wilson has not
10 cited any cases in which a court has adjudicated a section 877.6 motion after a party has been
11 dismissed and, as noted above, courts in the Ninth Circuit generally adjudicate a section 877.6
12 motion before they dismiss a joint tortfeasor from a case.

13 The court denies the motion without prejudice to renewal, but only after a proper party
14 brings a section 877.6 motion and the court adjudicates the good faith of the settlement between
15 Wilson and TJM.

16 **IV.   CONCLUSION**

17 The court **denies** Wilson's motion to dismiss without prejudice.  The parties are directed
18 to appear for a status conference on **April 11, 2025, at 2:30 p.m.** to discuss issues in the case that
19 remain unresolved.  The parties must submit a joint status report by **April 4, 2025 at 12 noon**
20 providing their positions on how the case should proceed.  In the joint status report, Wilson's
21 lawyer should explain why he has not yet associated new counsel as the court previously ordered,
22 and the parties should propose potential dates for a final pretrial conference and trial.

23 This order resolves ECF Nos. 175, 176, 198.

24 IT IS SO ORDERED.

25 DATED:  March 6, 2025.

SENIOR UNITED STATES DISTRICT JUDGE