UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson,<br><br>                Plaintiff,<br><br>    v.<br><br>Pan NorCal, LLC, et. al.,<br><br>               Defendants. | No. 2:18-cv-00660-KJM-CSK<br><br>ORDER |

Sheryl Wilson alleges Pan NorCal, LLC, and TJM Plaza, GRF2, LLC, are liable for her slip and fall accident in 2017. TJM now asks the court to determine the good faith of its settlement agreement with Wilson. As described more fully below, the court **grants** TJM's motion.

**I.    BACKGROUND**

Wilson alleges she was injured when she left a Panera Bread restaurant in Roseville, California several years ago. *See* Pl.'s Resp. to Statement of Facts (SoF) ¶¶ 1–3, ECF No. 61-1. Wilson alleges severe injuries from the fall, including the development of Stage 4 Complex Regional Pain Syndrome that prevents her from working and requires 24-hour medical care. *See* Mot. at 4, ECF No. 210 (citing Wu Decl. ¶ 4, Ex. B at 37:21–38:25, ECF No. 210-1; Jones Decl. ¶ 4, ECF No. 210-2).

/////

1

1    Pan NorCal operated the restaurant on a lease from TJM. Pl.'s Resp. to SOF ¶ 8. Wilson
2 asserts federal and state claims against both entities. *See* Compl. at 4–9, ECF No. 1. Both Pan
3 NorCal and TJM also have filed crossclaims against one another. Pan NorCal seeks equitable
4 indemnity from TJM because, as alleged, TJM is responsible for the upkeep of all common areas
5 of the shopping center, including where Wilson fell. *See* First Am. Cross-cl., ECF No. 13. Pan
6 NorCal also seeks declaratory relief and attorneys' fees. *See id.* In response, TJM brings
7 crossclaims against Pan NorCal for (1) express indemnity; (2) breach of contract; (3) breach of
8 implied covenant of good faith and fair dealing and (4) declaratory relief. *See generally* TJM
9 Cross-cl., ECF No. 16. Discovery has closed, and the court has resolved the parties' motions for
10 summary judgment. *See* Order (July 25, 2022) at 14, ECF No. 70. The court dismissed all of
11 Wilson's federal claims and retained jurisdiction over Wilson's state law claims. *See generally*
12 *id.* The court also granted Pan NorCal summary judgment on Wilson's state law claims insofar as
13 they alleged Pan NorCal's doors were in violation of state or federal regulations. *See id.* at 9.
14 The court denied summary judgment on the state law claims based on two key disputes over
15 material fact. First there remains a factual dispute over the causation of Wilson's fall and whether
16 she was on TJM- or Pan NorCal-controlled property when she began to fall. *See id.* at 8. Second,
17 there remains a dispute as to whether the sidewalk—whose slope was indisputably in violation of
18 the Americans with Disabilities Act (ADA), *see id.* at 9–10—was the responsibility of TJM or
19 Pan NorCal to maintain, *see id.* at 10.
20    On June 6, 2024, Wilson filed a motion to dismiss TJM under Federal Rule of Civil
21 Procedure 41(a)(2), *see* ECF No. 175, because she and TJM had arrived at a settlement agreement
22 that would settle all of Wilson's claims in their entirety, *see* Mot. Dismiss, ECF No. 198. The
23 court declined to grant the dismissal because it concluded that, under California law, either
24 Wilson or TJM should first move for a good faith settlement determination before the court could
25 dismiss defendants from the action. *See* Order (Mar. 7, 2025), ECF No. 202. After a March 31,
26 2025, meet and confer between all parties, TJM now brings a motion under California Civil
27 Procedure Code sections 877 and 877.6 to seek a good faith determination from this court of its
28 settlement with Wilson. *See generally* Mot. Wilson asserts that if the court grants TJM's motion

2

for a good faith settlement determination, she will move to dismiss both TJM and Pan NorCal. *See* Joint Status Rep. (Apr. 1, 2025) at 2, ECF No. 206. As a part of its motion, TJM also has lodged the settlement agreement with Wilson under seal. *See* Settlement, lodged at ECF No. 209. TJM argues the court should determine the settlement was made in good faith and thus bar Pan NorCal from pursuing its equitable indemnity crossclaim against TJM. *See generally* Mot. Pan NorCal opposes the motion, arguing a jury should decide what caused Wilson's injury, including by determining Wilson's own comparative negligence. *See generally* Opp'n, ECF No. 214. The matter is fully briefed. *See* Mot.; Opp'n; Reply, ECF No. 215. The court took the motion under submission without hearing oral argument. *See* E.D. Cal. L.R. 230(g).

## II.    LEGAL STANDARD

As Wilson's only remaining claims fall under California law, the court applies California substantive law to resolve TJM's motion for a determination of good-faith settlement. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011) ("This Court has held that California Code of Civil Procedure section 877 constitutes substantive law.").

California Civil Procedure Code sections 877 and 877.6 allow a settling tortfeasor in a multi-tortfeasor case, like TJM, an opportunity to have a court determine its settlement was made in good faith. Sections 877 and 877.6 also grant non-settling tortfeasors, like Pan NorCal, an opportunity to challenge whether the settlement was made in good faith. If the court determines the settlement was made in good faith, the determination "bar[s] any other joint tortfeasor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

To determine whether a settlement was made in good faith, courts apply a multi-factor test first enunciated in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). Specifically, courts examine the rough approximation of plaintiff's total recovery and the settlor's comparative liability, the amount paid in settlement, a recognition the settlor should pay less in settlement than if they had lost at trial, the financial conditions and insurance policy limits of the settling defendants as well as the existence of collusion or of fraud. *See id.* A non-settling party

1  who asserts a lack of good faith bears the burden of proof of showing "the settlement is so far 'out
2  of the ballpark' in relation to these factors to be inconsistent with the equitable objectives of the
3  statute." *Pierson v. M.B. Sturgis, Inc.*, No. 23-1778, 2024 WL 4825197, at * 7 (E.D. Cal. Nov.
4  19, 2024) (quoting *Tech-Bilt*, 38 Cal.3d at 499–500); Cal. Civ. Proc. Code § 877.6(d).  The court
5  has the discretion to make the determination whether the parties arrived at a settlement in good
6  faith.  *Tech-Bilt*, 38 Cal.3d at 500.

### III. ANALYSIS

The court grants TJM's motion as it finds Pan NorCal has not met its burden to show Wilson and TJM's settlement agreement was not made in good faith.  Because the court finds the settlement to be in good faith, the court grants Wilson's request to bar Pan NorCal from seeking equitable indemnity or equitable comparative contribution from TJM.  *See* Cal. Civ. Proc. Code § 877.6(c).

The *Tech-Bilt* factors favor finding the settlement was made in good faith.  Wilson argues given her injuries and a diagnosis of Stage 4 Complex Regional Pain Syndrome, she can no longer work and requires 24-hour medical care.  *See* Mot. at 4 (citing Wu Decl. ¶ 4, Ex. B at 37:21–38:25; Jones Decl. ¶ 4).  These injuries and medical costs put the amount in controversy in this case in the millions of dollars.  *See id*.  The settlement amount, which is confidential but available to the court under seal, is much less than this dollar range as it considers the savings of not having to go to trial and it mitigates both sides' risk of an unfavorable jury verdict.  *See id.*; Settlement.  TJM admits it has sufficient finances and insurance coverage to pay for the settlement amount but persuasively argues this factor should not weigh against the good faith of the settlement as the settlement is for the entire controversy and is not meant to merely offset TJM's proportionate liability.  *See id.* at 7.  Just as importantly, Pan NorCal does not argue TJM's finances or insurance coverage limits made the settlement agreement fundamentally unfair or that it was conducted in bad faith.  And finally, TJM convincingly argues from evidence in the form of declarations the settlement was not based on collusion.  The settlement came as a result of multiple settlement conferences beginning in November 2023 and concluding in the Spring of

/////

4

2024. Mot. at 8 (citing Jones Decl. ¶ 5). Pan NorCal was invited to participate in these negotiations but chose not to do so. *See id.* (citing Jones Decl.¶¶ 5–6).

Pan NorCal raises several objections to the proposed settlement, none of them well-taken. *See* Opp'n at 8–14. First, Pan NorCal argues a jury needs to determine what caused Wilson's fall because if it finds the sloping sidewalk area caused the fall, then only TJM would be liable for Wilson's injuries. *See* Opp'n at 9–10 (citing *TSI Seismic Tenant Space, Inc. v. Sup. Ct.*, 149 Cal. App. 4th 159, 166 (2007)). Pan NorCal also argues its rebuttal expert witness, Jonathan Adler, has testified Pan NorCal's doors complied with applicable standards and Pan NorCal cannot be held liable under Wilson's theory that the heaviness of the doors caused her fall. *See id.* at 11 (citing Rivera Decl. Ex. 2, ECF No. 214-4). Regarding the latter argument, the court has already granted Pan NorCal summary judgment on the question whether the heaviness of the doors caused Wilson's fall, s*ee* Order (July 25, 2022) at 9, so Pan NorCal would not need to present any evidence on that issue at trial. Thus, its evidence relating to the doors cannot serve as a barrier to a settlement between TJM and Wilson.

Pan NorCal also contends TJM is using the settlement as a shield to protect itself from liability. *See* Opp'n at 9. In cases like *TSI*, cited by Pan NorCal, California courts are wary of joint tortfeasors settling with plaintiffs for nominal sums and obtaining immunity for equitable indemnity crossclaims brought by other tortfeasors who are still facing considerable liability from the plaintiff. *See* 149 Cal. App. 4th at 166. That is not the situation here. Pan Norcal can still dispute who was responsible for the maintenance of the portion of the sidewalk and of the ramp on the sidewalk at issue in this case when it defends against TJM's breach of contract claim. *See* Order (July 25, 2022) at 9–11. Further, unlike the non-settlors in *TSI*, Pan NorCal does not face any liability from Wilson as Wilson is planning on voluntarily dismissing Pan NorCal if the court finds her settlement with TJM was made in good faith. *See* Mot. at 4. Pan NorCal thus can only be liable if TJM can successfully litigate its breach of contract crossclaim against it. *See id.* Finding the settlement was made in good faith does not prevent Pan NorCal from defending itself against a verdict of contractual liability, while still holding TJM to the full amount of the settlement, making the agreement impossible to construe as a "shield" benefiting only TJM.

5

Second, Pan NorCal argues the confidential settlement figure is too high because a jury might determine Wilson was comparatively at fault and that her injuries are not as serious as she is alleging; the damages award could be lessened as a consequence. *See* Opp'n at 9–14 (citing Rivera Decl. Ex. 1, ECF Nos. 214-2–3). This argument misunderstands the first *Tech-Bilt* factor, which generally guards against low settlements, not settlements that are too high; the test requires the settlement to be only a rough approximation of the amount in controversy. *See N. Cnty. Contractor's Ass'n*, 27 Cal. App. 4th 1085, 1090–91 (1994) (warning judges not to expect "the unreal goal of mathematical certainty" when evaluating whether a settlement is within the reasonable range of the settling party's proportionate liability in a case). As TJM points out in reply, Pan NorCal does not challenge the amount in controversy: it just claims it will win at trial. *See* Reply at 6–7. Here, a jury might have found for all the defendants, but it might also have found for Wilson and awarded her a much higher amount than what she stands to receive by virtue of the settlement with TJM. As TJM points out, just because a settlement eliminates the possibility of the best outcome for the defendants does not mean it was made in bad faith. *See* Reply at 7 (noting settlement is way of mitigating the "inherent risk in all lawsuits").

Pan NorCal makes two other similarly unavailing objections. It argues the settlement was made in bad faith because Pan NorCal was not present at the settlement negotiations between TJM and Wilson. *See* Opp'n at 4. But as TJM points out, and as Pan NorCal does not dispute, TJM offered Pan NorCal the opportunity to participate in the negotiations, but Pan NorCal declined. *See* Mot. at 8 (citing Jones Decl.¶¶ 5–6). Finally, Pan NorCal argues it is unfair to find the settlement between TJM and Wilson to be in good faith as such a finding would bar Pan NorCal from pursuing its equitable indemnity claims against TJM but would not bar TJM from pursuing its breach of contract claims against Pan NorCal. *See* Opp'n at 8–9. But as Wilson points out, California courts explicitly allow breach of contract crossclaims to continue after one tortfeasor obtains a good faith settlement with the plaintiff. *See* Reply at 4–5 (citing *Interstate Fire & Casualty Ins. Co. v. Cleveland Wrecking Co*. 182 Cal. App. 4th 23, 47 (2010)).

/////

IV. **CONCLUSION**

For the reasons stated above,

- the court **grants** TJM's motion for a determination of a good faith settlement.
- The court **bars** Pan NorCal from seeking equitable indemnity or equitable comparative contribution from TJM.
- Wilson is ordered to **submit** a motion of voluntary dismissal of both TJM and Pan NorCal within **seven days** of the date this order is filed.
- A final pretrial conference is set for **August 7, at 10:00 a.m.** for the remaining crossclaims between TJM and Pan NorCal. The parties shall meet and confer and file a joint status report **7 days prior** to the final pretrial conference addressing matters the court should consider in setting a trial date, including whether they request referral to a magistrate judge to conduct a further court-convened settlement before the final pretrial conference. See E.D. Cal. L.R. 282; Fed. R. Civ. P. 16.

This resolves ECF No. 210.

IT IS SO ORDERED.

DATED: June 12, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE