1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Sheryl Wilson,                                    No. 2:18-cv-00660-KJM-CSK

12                            Plaintiff,               FINAL PRETRIAL ORDER

13          v.

14   Pan Norcal, LLC et al.,

15                            Defendants.

16

17          On October 17, 2025, the court conducted a final pretrial conference.  Kenneth Katel

18   appeared for TJM Plaza FRF2, LLC.  Diana Rivera and Kelly Stephan appeared for Pan NorCal,

19   LLC.  After hearing, and good cause appearing, the court makes the following findings and

20   orders:

21   **JURISDICTION AND VENUE**

22          Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1367.  Jurisdiction and venue are not

23   contested.

24   **JURY / NON-JURY**

25          No party requests a jury trial and the parties seek a non-jury trial.  Therefore, trial will

26   proceed as a bench trial before the assigned district judge.

27   /////

1

**UNDISPUTED FACTS**

1.    On March 15, 2017, plaintiff Sheryl Wilson went to a Panera Bread restaurant in the shopping center at 1850 Douglas Boulevard in Roseville, California.  Pan NorCal operates the Panera Bread at this location and TJM owns the shopping center.  Plaintiff fell as she was leaving the Panera Bread restaurant.

2.    The contractual relationship between TJM and Pan NorCal is governed by a January 16, 2007 Lease Agreement.

3.    The January 16, 2007 Lease Agreement between TJM and Pan NorCal was in effect at the time of plaintiff's accident, with Pan NorCal as Tenant and TJM as Landlord.

4.    The January 16, 2007 Lease Agreement contains indemnity and insurance requirements.

5.    TJM resolved the entirety of plaintiff's claims arising out of the 2017 slip and fall accident for a confidential amount disclosed in plaintiff and TJM's Settlement Agreement, which was filed under seal. (ECF No. 212.)

6.    On June 12, 2025, the court determined that the settlement between TJM and plaintiff was made in good faith pursuant to Code of Civil Procedure sections 877 and 877.6. (ECF No. 217.) As a result, Pan NorCal is barred from seeking equitable indemnity or equitable comparative contribution from TJM.

**DISPUTED FACTUAL ISSUES**

1.    The cause of plaintiff's March 15, 2017 fall at the Panera Bread.

2.    Whether Pan NorCal or TJM were negligent in causing or contributing to plaintiff's March 15, 2017 fall at the Panera Bread.

3.    Whether Pan NorCal or TJM was responsible for the construction of the sidewalk and curb ramp outside the subject Panera Bread restaurant where plaintiff's fall occurred.

/////

/////

2

1    4.    Whether Pan NorCal or TJM was responsible for the structural state of the

2          sidewalk and curb ramp outside the subject Panera Bread restaurant where

3          plaintiff's fall occurred.

4    5.    Whether Pan NorCal breached its express obligations to TJM under the

5          January 16, 2007 Lease Agreement.

6    6.    Whether Pan NorCal owed TJM a duty to indemnify TJM against plaintiff's

7          claims.

8    7.    Whether Pan NorCal owed a duty to defend TJM against plaintiff's claims.

9    **SPECIAL FACTUAL INFORMATION**

10   1.    Plaintiff initiated this action against TJM and Pan NorCal alleging she slipped and

11         fell when leaving a Panera Bread restaurant in Roseville, California. Plaintiff

12         alleged severe injuries resulting from the accident, including the development of

13         Stage 4 Complex Regional Pain Syndrome that prevented her from working and

14         requires 24-hour medical care.  Pan NorCal disputes plaintiff's claimed injuries

15         and damages.  Plaintiff's action has been settled and is now dismissed.  However,

16         the underlying facts and evidence regarding plaintiff's accident is relevant to the

17         analysis of whether Pan NorCal breached its contract with TJM and owed or owes

18         TJM the duty or duties to indemnify and defend.

19   2.    TJM contends that Pan NorCal breached the parties lease agreement because it

20         failed to indemnify and defend TJM in plaintiff's lawsuit, and because Pan NorCal

21         failed to name TJM as an additional insured on its liability insurance policies.

22         TJM seeks reimbursement of its settlement with plaintiff and its ongoing defense

23         fees and costs incurred in this action.

24   3.    Pan NorCal contends that under the parties' lease agreement, TJM, as landlord, is

25         responsible for maintaining common areas, including the sidewalks and exterior

26         ramps, which are outside of Pan NorCal's exclusive control. Pan NorCal contends

27         that neither it nor its predecessor(s) performed any work on the sidewalk or ramp,

28         limiting their improvements to the interior of the restaurant.  Pan Norcal further

3

contends the lease agreement provides that Pan NorCal shall defend, indemnify, and hold TJM harmless only for liabilities arising from Pan NorCal's own negligent acts or omissions.  Accordingly, Pan NorCal contends responsibility for the condition of the sidewalk and ramp rests with TJM.

**DISPUTED EVIDENTIARY ISSUES**

The parties continue to meet and confer to identify and resolve any disputed evidentiary issues.  Any motions in limine must be filed by **December 19, 2025**, with oppositions or statements of non-opposition due fourteen days after each motion is filed and optional replies due within twenty-one days after each motion is filed.  When briefing is complete, the assigned district judge will determine whether a hearing is necessary and, if so, when a hearing will take place.

**STIPULATIONS AND AGREED STATEMENTS**

With the assistance of the court, the parties believe that a presentation of all or part of the action upon an Agreed Statement of Facts may be feasible.  No later than **one week before the first day of trial**, the parties are directed to file a joint statement of agreed facts and, if applicable, separate statements of proposed agreed facts for the court's review.

**RELIEF SOUGHT**

TJM seeks reimbursement of its settlement with plaintiff and its ongoing defense fees and costs incurred in this action. Pan NorCal is only obligated to indemnify TJM for Pan NorCal's negligent acts or omissions. Accordingly, Pan NorCal disputes all alleged damages and relief sought.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than fourteen days prior to the date of trial in accordance with Local Rule 285.

/ / / / /

/ / / / /

4

**ABANDONED ISSUES**

The only claims at issue are those set forth in TJM's Counterclaim against Pan NorCal. Plaintiff Sheryl Wilson's Complaint was dismissed. Pan NorCal's Crossclaim for equitable indemnity or equitable comparative contribution from TJM is barred. As explained in this court's previous order, however:

- "Pan NorCal can still dispute who was responsible for the maintenance of the portion of the sidewalk and of the ramp on the sidewalk at issue in this case when it defends against TJM's breach of contract claim." Order (June 13, 2025) at 5, ECF No. 217.

- "Finding the settlement was made in good faith does not prevent Pan NorCal from defending itself against a verdict of contractual liability[.]." *Id.*

- "California courts explicitly allow breach of contract crossclaims to continue after one tortfeasor obtains a good faith settlement with the plaintiff." *Id.* at 6.

**WITNESSES**

The parties have jointly identified the witnesses listed in attachment A. Each party may call any witnesses on the joint list.

    A.    The court will not permit any other witness to testify unless:

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

1      (2)    The court and opposing parties were promptly notified upon discovery of

2             the witness;

3      (3)    If time permitted, the party proffered the witness for deposition; and

4      (4)    If time did not permit, a reasonable summary of the witness's testimony

5             was provided to opposing parties.

6    **EXHIBITS, SCHEDULES AND SUMMARIES**

7         The parties have jointly identified the exhibits listed in attachment B.  Either party may

8    offer any exhibit on the joint list.  All exhibits must be premarked.  The parties must prepare

9    exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance

10   with the specifications above.  Each binder shall have an identification label on the front and

11   spine.

12        The parties must exchange exhibits no later than **twenty-eight days before trial**.  Any

13   objections to exhibits are due no later than **fourteen days before trial**.

14      A.    The court will not admit exhibits other than those identified on the exhibit lists

15            referenced above unless:

16         1.   The party proffering the exhibit demonstrates that the exhibit is for the

17              purpose of rebutting evidence that could not have been reasonably

18              anticipated, or

19         2.   The exhibit was discovered after the issuance of this order and the

20              proffering  party makes the showing required in Paragraph "B," below.

21      B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly

22            inform the court and opposing parties of the existence of such exhibits so that the

23            court may consider their admissibility at trial. The exhibits will not be received

24            unless the proffering party demonstrates:

25         1.   The exhibits could not reasonably have been discovered earlier;

26         2.   The court and the opposing parties were promptly informed of their

27              existence; and

28   /////

6

3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DISCOVERY DOCUMENTS AND DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**FURTHER DISCOVERY OR MOTIONS**

As noted, the parties are meeting and conferring about possible motions in limine, which must be filed by the deadlines above.

**AMENDMENTS AND DISMISSALS**

The parties do not anticipate any amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

**SETTLEMENT**

The parties have participated in two Settlement Conferences, on November 8, 2023 and October 18, 2024, and also made informal attempts to reach a settlement.  Based on discussion with the parties, the court refers this matter for a **further court-convened settlement conference before the assigned Magistrate Judge, to be completed within forty-five days of October 17, 2025**. The parties are directed to contact the courtroom deputy for Magistrate Judge Kim, Alex Shaddox-Waldrop (awaldrop@caed.uscourts.gov), to schedule a settlement conference, with the settlement conference date confirmed within **seven (7) days** of the filed date of this order.

**SEPARATE TRIAL OF ISSUES**

The parties do not request a separate trial of issues.

**IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

The parties do not request any impartial witnesses or a limitation on the number of expert witnesses.

/////

7

1   **ATTORNEYS' FEES**

2       TJM seeks reimbursement of attorneys' fees and costs related to its defense of Plaintiff's

3   claims. Pan NorCal seeks reimbursement of its attorneys' fees and costs related to its defense of

4   TJM's claims.

5   **TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

6       Trial is anticipated to last three to four days.  If the matter does not settle, the parties are

7   directed to submit, within seven days after the completion of the court-convened settlement

8   conference scheduled above, a joint statement identifying any days in January and February 2026

9   on which they would not be available to attend a trial in this matter.

10   **OBJECTIONS TO THIS ORDER AND CONCLUSION**

11       Each party is granted fourteen days from the date of this order to file objections to the

12   same.  If no objections are filed, the order will become final without further order of this court.

13       IT IS SO ORDERED.

14   DATED:  October 22, 2025.

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A—JOINT WITNESS LIST**

1. Plaintiff Sheryl Wilson, either in person or via her deposition testimony in lieu of live testimony.

2. Sharon Darrow, Plaintiff's mother and witness to Plaintiff's subject accident, either in person or via her deposition testimony in lieu of live testimony.

3. Patrick Eulberg, Vice President of Real Estate for Pan NorCal.

4. Tudor Jones, Attorney at Wood, Smith, Henning & Berman LLP, prior counsel for TJM.

5. Lonnie Houghton, GC, MCP, CASp-30, Codes & Construction Consultant, Avelar, 590 Ygnacio Valley Road, Suite 200, Walnut Creek, CA 94596, (925) 954-4978, TJM's retained expert.

6. Dave Atkin, M.D., 411 30th Street, Ste. 403, Oakland, CA 94609, jointly retained expert.

7. James Y. Soong, M.D., 909 Hyde Street, #234, San Francisco, CA 94109, Pan NorCal's retained expert.

8. Katerina Blazek, Ph.D., P.E., InSciTech, 1451 Grant Rd., Ste. 104, Mountain View, CA 94040, jointly retained expert.

9. Tate Kubose, Ph.D, InSciTech, 1451 Grant Rd., Ste. 104, Mountain View, CA 94040, jointly retained expert.

10. Mikey Naucus, Sr. Director, Design & Concept for Panera Bread.

11. Custodian of Records for the City of Roseville, Permit Center, 311 Vernon St, Roseville, CA 95678.

12. Well Construction, 10648 Industrial Ave., Roseville, CA 95678, construction company who pulled the permit for the 2007 work.

**ATTACHMENT B—JOINT EXHIBIT LIST**

1.     The January 16, 2007 Lease Agreement between TJM and Pan NorCal.

2.     Documents related to the January 16, 2007 Lease Agreement and interactions between Pan NorCal and TJM with respect to the property at 1850 Douglas Boulevard, Suite 300, Roseville, CA.

3.     Expert Reports and Files.

4.     Photos of the Exterior of the Panera Bread restaurant.

5.     Building and Construction Records for the Panera Bread restaurant and corresponding shopping center.

6.     TJM's tenders of indemnity and defense to Pan NorCal.

7.     Pan NorCal's responses to TJM's tenders of indemnity and defense to Pan NorCal.

8.     2007 permit plans submitted to the City of Roseville for the property at 1850 Douglas Boulevard, Suite 300, Roseville, CA.