UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Wilson, | No. 2:18-cv-00660-KJM-CSK |
| Plaintiff, | ORDER |
| v. | |
| Pan NorCal, LLC et al., | |
| Defendants. | |

In June 2025, the court granted defendant TJM Plaza GRF2, LLC's motion for a determination under California Code of Civil Procedure 877 and 877.6 that it had settled the claims against it by plaintiff Sheryl Wilson.  ECF No. 217.  The court barred Pan NorCal LLC from seeking equitable indemnity or comparative contribution from TJM but did not bar crossclaims for breach of contract.  *Id.* at 6–7.

The court held a final pretrial conference a little more than two months ago, on October 17, 2025 and issued a final pretrial order a few days later, on October 23, 2025.  *See* Mins., ECF No. 224; Final Pretrial Order, ECF No. 225.  The final pretrial order permitted objections within fourteen days and provided that it would become final automatically if no party made objections.  No party filed objections.

The parties attended a court-convened settlement conference before the assigned Magistrate Judge on November 21, 2025. ECF No. 229. The parties reached a partial settlement agreement limited to TJM's claim based on a duty to defend only. *Id.*

On December 18, 2025, Pan NorCal filed an ex parte application to clarify the final pretrial order and the court's order finding the settlement in good faith. ECF No. 231. Pan NorCal asks the court to clarify that these orders "bar[] only claims for contribution and equitable indemnity against TJM pursuant to California Code of Civil Procedure section 877.6, and [do] not preclude Pan NorCal from offering evidence or argument" at trial on three issues:

> (1) Liability and causation with respect to Plaintiff's alleged injuries;
> (2) whether Pan NorCal breached any contractual obligations owed to TJM under the January 16, 2007, Lease Agreement; and
> (3) whether TJM's settlement with Plaintiff was reasonable and made in good faith as applied to TJM's contractual indemnity and reimbursement claims.

*Id.* at 2. Pan NorCal intends to contest "liability, causation, or damages arising from TJM's contractual indemnity theories" and to challenge "whether the settlement amount was reasonable and made in good faith as between Pan NorCal and TJM for purposes of contractual indemnity." *Id.* at 2–3. TJM did not file a formal response to Pan NorCal's ex parte application, but it did file a motion in limine later the same day. ECF No. 232. In that motion, it seeks an order "excluding evidence and argument challenging the reasonableness of the underlying settlement," and more particularly the testimony of three expert witnesses. *Id.* at 1–2. The court construes this motion as an implicit opposition to Pan NorCal's ex parte application and considers it here in that limited respect only.

The court denies the ex parte application. The court considered the parties' arguments about whether the settlement was made in good faith several months ago and resolved that dispute in its June 2025 order. Pan NorCal did not seek clarification or reconsideration promptly after the court issued that order, and it did not file objections or propose changes to the final pretrial order. The court has reviewed its previous orders and perceives no ambiguity justifying immediate clarification on an expedited basis. The court therefore will not deviate from the schedule it has already set for resolving pretrial disputes. *See Cal. Chamber of Com. v. Bonta*, No. 19-2019,

2

2021 WL 2109639, at *2 (E.D. Cal. May 25, 2021) (summarizing legal standard for emergency ex parte applications).  Pan NorCal also has identified no clear errors in the court's previous orders, no changes in the relevant facts or law, and no manifest injustice that would arise if it does not receive relief on an expedited basis, such that revisiting the issues embraced by this court's previous orders would be justified as a matter of discretion.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (summarizing legal standard for reconsideration of interlocutory orders).  Finally, the judge presiding over this case at the time of trial will be capable of efficiently and justly resolving any evidentiary or legal disputes that then remain, including by adjudicating motions in limine and evidentiary objections.  *See* Ex Parte App. at 2 (arguing "prompt clarification by the issuing judge [the undersigned] will promote further settlement discussions, as well as judicial economy and continuity.").

The ex parte application at ECF No. 231 is **denied** for these reasons.  The court need not and does not now resolve the motion in limine at ECF No. 232, which **remains pending**.

IT IS SO ORDERED.

DATED:  December 23, 2025.

_____
UNITED STATES DISTRICT JUDGE

3